HARPER et v. CLEVELAND, C. C. & ST. L. RY. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3125. Decided March 19, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

103. ASSESSMENTS—991. Railroads.

Railroad property right of way, consisting of tracks abutting street paving improvement and having potential benefit, is assessable.

Error to Common Pleas.

Judgment reversed.

Charles P. Taft, Pros. Atty., and Augustus Beal, Jr., Asst. Pros. Atty., Cincinnati, for Hamilton Co. Comrs., Hamilton Co. Aud., Hamilton Co. Treas.

H. N. Quigley and Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for Cleveland, C. C. & St. L. Ry. Co.

STATEENT OF FACTS.

This case grows out of an assessment for the improvement of Liston Avenue, west of, and leading into, the City of Cincinnati.

The right of way of The New York Central Railroad Company runs parallel with and abuts the improvement for some distance.

The Commissioners levied an assessment on the whole of the Railroad property, including the right of way, on which are located the main tracks of the Railroad Company. This action was to enjoin the collection of the assessment; the railroad company contending that no assessment could be levied, as the improvement of Liston avenue was of no benefit whatsoever to its right of way. The trial court took this view of the case, and enjoined the collection of the whole assessment. From that judgment, the Commissioners prosecute error to this court.

The evidence tends to show that there is a strip of ground, about nine feet in width, between the right of way, occupied by the main tracks, and Liston avenue, abutting the improvement; that this ground might be used for side-tracks with some changes, and was of use for drainage purposes. The evidence was further to the effect that the strip of ground was not of sufficient width on which to place depots, or to use for the unloading of freight.

HAMILTON, PJ.

While the court cannot say from the evidence to what use the land may be put, under the rule of potential benefit, which makes abutting property subject to assessments. we are of opinion that some assessment on this property is sustainable.

We are in accord with the decision of the Court of Appeals of the Sixth District, in the case of New York Central Rd. Co. v. Village of Port Clinton, Ohio, decided October 15, 1919, wherein the Court said: "The main tracks of the plaintiff company in the case at bar being permanently devoted to railroad purposes and the paving of North Railroad Street being of

no benefit to the company insofar as said tracks are concerned, no lawful authority existed in the Village to assess such portion of the plaintiff's property."

While it is the law of Ohio that property cannot be assessed in excess of benefits, we are of opinion that, under the record in this case, there is a benefit outside of the right of way covered by the main tracks of the Railroad Company, and subject to assessment.

The Court of Common Pleas was in error in holding that no assessment could be sustained.

The judgment of the Court of Common Pleas will be reversed, and the cause remanded to the Court of Common Pleas of Hamilton County, Ohio, for further proceedings according to law.

(Mills and Cushing, JJ., concur.)